ORDERED.

Dated: June 3, 2011



*Eileen W. Hollowell, Bankruptcy Judge*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:

ROBERT WAYNE WILEY and
TERESA LYNN WILEY,

Debtors.

Chapter 7

Case No.: 4:10-bk-40808-EWH

**MEMORANDUM DECISION**

## I. FACTS AND PROCEDURAL HISTORY

Robert Wayne Wiley (the "Husband") and Teresa Lynn Wiley (the "Wife," collectively, the "Debtors") filed a joint Chapter 7 petition (the "Petition") and the statements and schedules required by the Bankruptcy Code on December 22, 2010. The Husband listed a street address in Tucson, Arizona, and the Wife listed a street address in Krum, Texas. Schedule A, which discloses the Debtors' real property, lists a residence in Reno, Nevada (the "Residence"). Schedule B, which inventories the Debtors' personal property, lists a variety of household items in the Husband's possession in Arizona and a variety of similar items in the Wife's possession in Texas. Schedule C claims exemptions

1

in all their household items under 11 U.S.C. § 522.[1] The Debtors, who are in the midst of a divorce, attached two Schedules J to account for their separate expenses in Arizona and Texas.

On March 23, 2011 (DE 18), the Chapter 7 trustee (the "Trustee") filed a motion to dismiss (the "Motion") the case as to the Wife because the Wife has never resided in Arizona and is, therefore, ineligible to file for relief here.

The Debtors responded to the Motion on May 3, 2010 (DE 21) explaining that they both lived in Reno, Nevada, from September 2004 to September 2010. They acquired the Residence and most of the personal property listed on Schedule B while they lived there. In September 2010, the Husband moved to Tucson, taking personal property worth approximately $18,210 with him; the Wife moved to Krum, taking personal property worth approximately $5,890 with her. The Debtors abandoned the Residence and declared their intention to surrender it to the secured creditor on their Statement of Intentions. The secured creditor has not sought stay relief or abandonment of the Residence, so the Debtors still retain an interest in the Residence.

## II. **JURISDICTION**

Jurisdiction is proper under 28 U.S.C. §§ 157(b)(2)(A) and 1334(a).

## III. **ANALYSIS**

A debtor's choice of venue is presumed proper. Broady v. Harvey (In re Broady), 247 B.R. 470, 472-73 (B.A.P. 8th Cir. 2000). The party challenging

---

[1] Normally, Arizona debtors are required to claim the exemptions provided for by the Arizona Revised Statutes because the state has opted out of the federal exemption scheme. A.R.S. § 33-1133(B).

venue bears the burden of establishing, by a preponderance of the evidence, that venue is improper. Id.  Section 1408(1) of Title 28 gives debtors four possible alternatives for venue.  The debtor may commence a case where the debtor, for the 180 days preceding the petition date, is domiciled, resides, the debtor's principal place of business is situated, or where the debtor's principal assets are located. Id.  If the debtor cannot satisfy any of the four alternatives for the 180 days immediately prior to filing the case, then venue is proper in any district where the domicile, residence, business, or assets were located for "a longer portion of such [180 period]" before the petition was filed. Id.  If a case was commenced in an improper district, the court may either dismiss the case or transfer to a proper district "if the court determines that transfer is in the interest of justice or for the convenience of the parties." Fed. R. Bankr. P. 1014(a)(2); Thompson v. Greenwood, 507 F.3d 416, 419-20 (6th Cir. 2007).

The Wife does not argue that she filed her case in this district because this is where her residence, domicile, or principal place of business is located. Instead, she argues that her principal assets are located in Arizona because Nevada, like Arizona, is a community property state.  Nev. Rev. Stat. § 123.220.  Most of her community property was acquired in Nevada, and a majority of it was moved to Arizona with the Husband.  Thus, even though the Wife is living separately from the Debtor, the majority of her assets were located in Arizona when the case was filed except for the Residence, which the Debtors abandoned.

While the presumption is that the case is filed in a proper venue, the Trustee has overcome the presumption because neither the Wife nor the Husband have satisfied the 180 day requirement of 28 U.S.C. § 1408. The case was filed on December 22, 2010, and both the Husband and the Wife left Nevada sometime in September 2010. So, at most, 112 days had elapsed since the Husband moved the community property to Arizona. Thus, filing in this district was improper for the Wife. Additionally, this district was improper at the time of filing for the Husband under any of the four alternatives provided by 28 U.S.C. § 1408.

The court will postpone entering a final order on the Trustee's Motion until it receives notice, within ten days of this order, from the Debtors' counsel as to whether the Debtors prefer dismissal of their joint case or a transfer of their joint case to Nevada.

Dated and signed above.

Notice to be sent by the Bankruptcy
Noticing Center ("BNC") to the
following:

Robert Wayne Wiley
9997 E. Country Shadows Dr.
Tucson, AZ  85748

Teresa Lynn Wiley
1709 Santa Fe Trail
Krum, TX  76429

| | |
|---|---|
| 1 | Stephen Mark Trezza<br>The Arizona Law Group of Trezza and Associates |
| 2 | 4011 E. Broadway, #200<br>Tucson, AZ  85711 |
| 3 | |
| 4 | U.S. Trustee<br>Office of the U.S. Trustee |
| 5 | 230 North First Avenue<br>Suite 204 |
| 6 | Phoenix, AZ  85003 |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |